Filed 1/10/22  In re N.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION TWO

|  |  |
|---|---|
| In re N.M., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E077495 |
| Plaintiff and Respondent, | (Super.Ct.No. J289711) |
| v. | OPINION |
| N.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed in part, conditionally reversed and remanded with directions in part.

Elizabeth Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven O'Neill, Interim County Counsel, Svetlana Kauper, Deputy County Counsel, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

N.B. (Mother) appeals the juvenile court's dispositional order as to her child, then 16-year-old N.M., contending insufficient evidence supported the juvenile court's finding the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) did not apply to the proceedings because the San Bernardino County Children and Family Services (CFS) failed to comply with its duty of inquiry.[1]  CFS concedes error and that limited remand is necessary.  We agree with the parties and remand for proceedings to ensure ICWA compliance.

# II

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 28, 2021, the family came to the attention of CFS after a referral was received alleging physical abuse, caretaker absence/incapacity, and general neglect to N.M. by Mother.  Mother had physically and emotionally abused N.M.  Specifically, she had pushed N.M., hit N.M. with a stick, threatened to kill him, and told N.M. to die.  Mother had also encouraged N.M.'s adult brothers to physically abuse N.M.  N.M. reported that he did not feel safe and was afraid to return to Mother's home.  N.M. also stated that Mother's derogatory remarks toward him and threats of physical harm caused him to feel suicidal

---

[1]  M.M. (Father) is not a party to this appeal.  At the time of the dependency, Father lived in Los Angeles and disclosed that he last had N.M. in his care when N.M. was six or seven years old.

[2]  As the sole issue on appeal concerns ICWA compliance, we only briefly discuss the underlying circumstances of the dependency proceedings.

over the years. Mother denied the allegations but admitted chasing N.M. with a stick. Mother had a substantiated history of physically abusing one of her other seven children.

On June 30, 2021, CFS filed a petition on behalf of the child pursuant to Welfare and Institutions Code[3] section 300, former subdivision (b) (failure to protect). The petition was later amended on July 21, 2021, adding allegations under section 300, subdivision (a) (serious physical harm), and subdivision (c) (serious emotional damage).

Mother reported having Native American ancestry on June 28, 2021. On July 1, 2021, Mother filed a Parental Notification of Indian Status (Judicial Council Forms, form ICWA-020) and a Family Find and ICWA Inquiry form (inquiry form). In the ICWA-020 form, she indicated that she may have Indian ancestry through the Shawnee and Chickasaw tribes. In the inquiry form, Mother again indicated Indian ancestry through the Shawnee and Chickasaw tribes and placed question marks in the fields for tribal location and the child's membership or enrollment number. In that inquiry form, Mother provided names and contact information for the maternal grandparents, a maternal aunt, and N.M.'s adult siblings.

At the July 1, 2021 detention hearing, N.M. was formally detained from parental custody and the parents were provided with supervised visitations.[4] During the ICWA inquiry, Mother confirmed that she may have Indian ancestry through the "Shoshone" and

---

[3] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

[4] N.M. reported several times that he did not want any visitations with Mother or Father.

"Chickasaw" tribes. She stated that she had learned of the tribal affiliation from the maternal grandfather and that the Indian ancestry was through the maternal grandmother. Mother explained that she spoke with the maternal grandfather to obtain the information because she was unable to contact her mother as the maternal grandmother was "not doing well." Mother was not an enrolled member of the tribe and neither she nor N.M. had ever lived on a reservation. In addition, to her knowledge, Mother reported that none of the family were registered tribal members. The court advised Mother to provide any additional information regarding her Indian ancestry to the social worker.

On July 12, 2021, the social worker conducted a further ICWA inquiry with Mother. Mother denied that she or the maternal relatives were enrolled members of a tribe, received services from a tribe, lived on a reservation, or attended an Indian boarding school. On July 14, 2021, the social worker attempted to contact the maternal grandmother for further inquiry. However, as of July 22, 2021, the social worker was unable to speak with the maternal grandmother.

The contested jurisdictional/dispositional hearing was held on July 30, 2021. Mother disagreed with the allegations. She, however, waived reunification services and filed a signed Waiver of Reunification Services form (Judicial Council Forms, form JV-195). Following admission of CFS's reports, testimony from the social worker, and argument from the parties, the juvenile court found true the allegations in the amended petition and declared N.M. a dependent of the court. In addition, because Mother had waived reunification services and did not wish to participate in services, the court bypassed

4

Mother's reunification services under section 361.5, subdivision (b)(14).[5] As to ICWA, the court found that N.M. did not come under ICWA, but "order[ed] the Department to continue to inquire." Mother timely appealed.

III

DISCUSSION

Mother contends insufficient evidence supported the juvenile court's finding ICWA was not applicable to the proceedings because CFS failed to adequately discharge its duty of inquiry. CFS concedes error and agrees that a limited remand is appropriate to ensure ICWA compliance. We accept CFS's concession.

"When, as is the case here, the facts are undisputed, we review independently whether the requirements of ICWA have been satisfied. [Citation.] However, we review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order. [Citations.]." (*In re A.M.* (2020) 47 Cal.App.5th 303, 314; accord, *In re Austin J.* (2020) 47 Cal.App.5th 870, 885.)

ICWA's purpose is to protect the interests of Indian children and promote the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions. (25 U.S.C. §§ 1901, 1902, 1903(1), 1911(c), 1912; *In re Isaiah W.* (2016) 1 Cal.5th 1, 7-8.) The juvenile court and the department have "an affirmative and continuing duty to inquire" whether a child is, or may be, an Indian

---

[5] The juvenile court ordered reunification services for Father.

child. (Welf. & Inst. Code, § 224.2, subd. (a); see Cal. Rules of Court, rule 5.481(a); see also *In re K.M.* (2009) 172 Cal.App.4th 115, 118-119.) If, after the petition is filed, the juvenile court knows or has reason to know that an Indian child is involved (25 U.S.C. § 1912(a)), notice of the pending proceeding and the right to intervene must be sent to the tribe or the Bureau of Indian Affairs (BIA) if the tribal affiliation is not known. (See Welf. & Inst. Code, §§ 224.2, subds. (d) & (f), 224.3, subds. (a)-(g); Cal. Rules of Court, rule 5.481(b); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989.)

Mother's disclosure that she had Native American ancestry through the Shawnee, Shoshone, and/or Chickasaw tribes gave CFS and the juvenile court "reason to believe" N.M. was an Indian child within the meaning of ICWA,[6] triggering CFS's duty of "further inquiry" under ICWA. (See *In re T.G.* (2020) 58 Cal.App.5th 275, 292; *In re D.S.* (2020) 46 Cal.App.5th 1041, 1052; see also § 224.2, subd. (e)(1).) A previous finding ICWA did not apply to the proceedings does not relieve the department of its duty, because the juvenile court and the department, as noted above, "have an affirmative and continuing duty to inquire whether a child," who is the subject of a juvenile dependency petition, "is or may be an Indian child" within the meaning of ICWA. (§ 224.2, subd. (a); see *In re Isaiah W.*, *supra*, 1 Cal.5th at p. 9; Cal. Rules of Court, rule 5.481(a).)

---

[6] An "Indian child" is defined in ICWA as an unmarried individual under 18 years of age who is either (1) a member of a federally recognized Indian tribe, or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see Welf. & Inst. Code, § 224.1, subd. (a) [adopting federal definitions].)

Because the duty of "further inquiry" was triggered, CFS was required to follow the provisions set forth in sections 224.2 and 224.3. "Further inquiry" includes interviewing the parents, Indian custodian, and extended family members to gather available familial and tribal enrollment information. (§§ 224.2, subd. (e)(2)(A); 224.3, subd. (a)(5).) The department "has the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) While interviewing parents and extended family members, the department is to gather the following information: "(A) The name, birth date, and birthplace of the Indian child, if known[;] [¶] (B) The name of the Indian tribe in which the child is a member, or may be eligible for membership, if known[; and] [¶] (C) All names known of the Indian child's biological parents, grandparents, and great-grandparents, or Indian custodians, including maiden, married, and former names or aliases, as well as their current and former addresses, birth dates, places of birth and death, tribal enrollment information of other direct lineal ancestors of the child, and any other identifying information, if known." (§ 224.3, subd. (a)(5); see § 224.2, subd. (e)(2)(A).)

"Further inquiry" includes contacting the BIA and State Department of Social Services for assistance with identifying tribes in which the child may be a member of or eligible for membership. (§ 224.2, subd. (e)(2)(B).) Finally, "further inquiry" also includes contacting tribes the child may be affiliated with, and anyone else, that might have information regarding the child's membership or eligibility in a tribe. (§ 224.2, subd. (e)(2)(C).) Contact with a tribe, for the purpose of the department's duty of further inquiry, "shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's

7

designated agent for receipt of notices under [ICWA]" and "include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (*Ibid.*)

Here, CFS did not make an adequate effort to locate and interview the maternal grandparents, extended family members, or others who may have had information regarding the child's status as an Indian child nor gather all information enumerated in section 224.3, subdivision (a)(5), that was available. Although CFS had attempted to contact the maternal grandmother once, the record demonstrates CFS had contact information for other maternal relatives, such as the maternal grandfather and a maternal aunt. CFS should have, at a minimum, inquired of these relatives as to the child's potential status as an Indian child and attempted to gather all required information. CFS should also have attempted to contact the maternal grandmother more than once. Further, CFS did not contact any tribe with which the child may have been affiliated or share whatever information the tribe or tribes deemed relevant to determine the child's status as Indian child pursuant to section 224.2, subdivision (e)(2)(C). For these reasons, we conclude CFS did not adequately discharge its duty of "further inquiry," and as such, the juvenile court's finding ICWA was inapplicable was not supported by sufficient evidence.

Limited remand is necessary for CFS to adequately discharge its duty of further inquiry under sections 224.2 and 224.3 including, but not limited to, properly investigating the child's possible status as an Indian child by locating and interviewing the maternal grandparents, the maternal aunt, and other maternal family members to gather all available required information, and contacting any tribes with which the child may have been

8

affiliated to share whatever information deemed necessary by those tribes to make a determination of the child's potential status as an Indian child.

## IV

## DISPOSITION

The juvenile court's finding that ICWA does not apply is conditionally reversed and the matter is remanded to the juvenile court with directions to order CFS to comply with the inquiry provisions set forth in sections 224.2 and 224.3. If, after the court finds adequate inquiry has been made consistent with the reasoning in this opinion, the court finds ICWA applies, the court shall vacate its existing order and proceed in compliance with ICWA and related California law. If the court finds ICWA does not apply, the finding that ICWA does not apply to the case shall be reinstated. In all other respects, the juvenile court's jurisdictional and dispositional findings and orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

9